IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOSE SOLANO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | No. 25 C 12842 |
| | ) | |
| | ) | |
| Village of Mount Prospect | ) | |
| Police Officers, PATRYK | ) | |
| GAJEWSKI, Star No. 320, | ) | |
| ALBERTO LOPEZ, Star No. 320, | ) | |
| JANE DOE, and VILLAGE OF | ) | |
| MOUNT PROSPECT, an Illinois | ) | |
| Limited Liability Company, | ) | |
| | ) | |
| Defendants. | ) | |

Memorandum Opinion and Order

The complaint in this case alleges that plaintiff Jose Solano was driving a vehicle at around 3:00 a.m. on March 21, 2025, when defendant police officers Patryk Gajewski and Alberto Lopez of the Village of Mount Prospect Police Department pulled him over and began questioning him about his consumption of drugs and/or alcohol. Solano denied consuming either. Nevertheless, the officers ordered him to exit the vehicle and submit to a series of field sobriety tests. Solano told Officer Gajewski that he had physical impairments with his feet that prevented him from walking perfectly straight and balancing on one foot. Still, Solano allegedly performed well on the field sobriety tests, passed the

breathalyzer test, and gave no indication that he was under the influence. Nevertheless, the officers arrested him and took him to the police station, where he was detained "for an extended period." Solano was later charged with Driving Under the Influence of Drugs or Combination of Drugs ("DUI"), but the charge was dismissed in a manner indicative of Solano's innocence. This action followed.

Solano asserts Fourth Amendment claims for unlawful seizure and malicious prosecution against Officers Gajewski and Lopez pursuant to 42 U.S.C. § 1983, and he asserts a state claim for malicious prosecution against the officers and the Village.[1] Solano claims that because the officers had no probable cause to arrest, detain, or pursue charges against him for DUI, their actions violated the Constitution and state law. Defendants move to dismiss the complaint, arguing that the complaint and other materials I may consider at this stage establish that Solano's arrest was supported by probable cause, so his unlawful seizure claim fails as a matter of law. Additionally, defendants argue that Solano's federal malicious prosecution claim fails because he has not alleged any seizure pursuant to legal process. I agree on both counts and grant the motion to dismiss.

---

[1] Solano names a Jane Doe in the complaint's caption and includes her in his state and federal malicious prosecution claims. But the complaint attributes no conduct of any kind to Doe, so there is no factual basis for proceeding against this as-yet-unnamed individual.

Defendants attach to their motion a certified copy of the state court docket reflecting the DUI charge at issue. Mot., Exh. 2, ECF 10-2. I agree with defendants that this document is properly subject to judicial notice. *Fosnight v. Jones*, 41 F.4th 916, 922–23 (7th Cir. 2022) ("We've long held that district courts can take judicial notice of public court documents and proceedings when considering a Rule 12(b)(6) motion."); *In re Lisse*, 905 F.3d 495, 496 (7th Cir. 2018) (state court orders "are public records and appropriate subjects of judicial notice."). As the docket report shows, Solano was charged not only with DUI but also with violating the Illinois Motor Vehicle Code ("MVC") for driving with improper lighting—an offense to which Solano pled guilty and received a fine. *See* ECF 10-2. Defendants argue that their observation of the MVC violation—which the complaint fails to mention, but which Solano does not dispute—gave the officers probable cause to arrest Solano regardless of whether they had probable cause to suspect him of DUI.

Defendants are correct on this front, too. "An arrest is reasonable under the Fourth Amendment so long as there is probable cause to believe that *some* criminal offense has been or is being committed, even if it is not the crime with which the officers initially charge the suspect." *Jackson v. Parker*, 627 F.3d 634, 638-639 (7th Cir. 2010) (emphasis in original; citations and alteration omitted). *See also Holmes v. Vill. of Hoffman Estates,*

3

511 F.3d 673, 682 (7th Cir. 2007) ("probable cause to believe that a person has committed *any* crime will preclude a false arrest claim, even if the person was arrested on additional or different charges for which there was no probable cause.") (emphasis in original). Moreover, "[i]t is not a violation of the Fourth Amendment to arrest an individual for even a very minor traffic offense." *Jackson*, 627 F.3d at 639. "The Supreme Court has held that '[i]f an officer has probable cause to believe that an individual has committed even a very minor criminal offense in his presence, he may, without violating the Fourth Amendment, arrest the offender.'" *Id.* (quoting *Atwater v. City of Lago Vista,* 532 U.S. 318, 354 (2001)) (police may make full custodial arrests for fine-only offenses).

Probable cause "is an absolute defense to any claim under Section 1983 against police officers for wrongful arrest." *Id.* at 638 (quoting *Mustafa v. City of Chicago*, 442 F.3d 544, 547 (7th Cir. 2006)). Tacitly acknowledging that his stop was supported by probable cause for the MVC violation, Solano argues that his unlawful seizure claim can proceed on the theory that defendants unreasonably prolonged his initial detention. As support for this theory, Solano points to his allegation that the "Officers had no reasonable suspicion or probable cause to extend the duration of the traffic stop and subject Plaintiff to...sobriety tests" and argues that "[a]ccepted as true, this would make the seizure

4

unreasonable." Resp., ECF 13 at 6 (quoting Compl., at ¶ 20). Setting aside that I need *not* accept the truth of this allegation, which is merely a legal conclusion couched as a factual statement, *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), Solano misunderstands the scope of the officers' discretion in the context of an arrest supported by probable cause.

It is true that "even a seizure that is justified at the outset may transform into a violation of the Fourth Amendment if 'the manner of execution unreasonably infringes' on the detainee's constitutional rights," for example, "if it is prolonged beyond the time reasonably required to complete [its] mission." *Moderson v. City of Neenah*, 137 F.4th 611, 616 (7th Cir. 2025) (quoting *Illinois v. Caballes*, 543 U.S. 405, 407 (2005)) (alteration in *Moderson*). On this principle, the Seventh Circuit has held that an individual who is *Terry* "stopped on reasonable suspicion must be released as soon as the officers have assured themselves that no skullduggery is afoot." *United States v. Childs*, 277 F.3d 947, 952 (7th Cir. 2002). But as the *Childs* court went on to explain, arrests based on probable cause are "fundamentally different from *Terry* stops." *Id*. While *Terry* stops must "be limited in time and scope," persons arrested on probable cause "need *not* be released as quickly as possible." *Id*. (emphasis in original). So the fact that Solano's detention was prolonged while the officers conducted field sobriety tests then transported him to the police station

5

where he remained for a period of time does not, without more, render his seizure unreasonable.[2] Solano's citation to *United States v. Griffin*, 652 F.3d 793 (7th Cir. 2011), for the general proposition that "a warrantless search or seizure is unreasonable unless supported by probable cause...or in the case of an 'investigatory stop of a vehicle,' unless 'articulable facts support a reasonable suspicion that criminal activity is afoot,'" *id.* (quoting *United States v. Drake*, 456 F.3d 771, 774 (7th Cir. 2006)), does not compel a contrary conclusion. In *Griffin*, the government conceded that it "did not have facts supporting a reasonable suspicion to justify stopping" the plaintiff. *Id*. at 798. Nothing in *Griffin* suggests that officers violate the Fourth Amendment when they arrest a motorist they have probable cause to believe committed a traffic violation, subject him to field sobriety tests, and transport him to the police station for additional investigation and processing.

Solano's federal malicious prosecution claim fails for a simpler reason: Solano has not alleged that he was seized *pursuant to* legal process. Solano does not dispute that for this claim to proceed, the allegedly malicious prosecution must have "resulted

---

[2] Solano neither quantifies the time he spent at the police station nor describes what occurred there, alleging only that he was detained "for an extended period of time." This vague allegation does not, without more, suggest an unconstitutionally prolonged seizure.

in a seizure." *Dorgay v. Reif*, No. 23-3058, 2024 WL 3023193, at *4 (7th Cir. June 17, 2024) (quoting *Thompson v. Clark*, 596 U.S. 36, 43 n.2 (2022)), *cert. denied*, 145 S. Ct. 1935, 221 L. Ed. 2d 670 (2025). Nor does he dispute that his seizure began and ended on March 21, 2025—weeks before the charges against him were filed on April 9, 2025. *See* ECF 10-2 at 1. Solano argues that his seizure was nevertheless pursuant to legal process because defendants "extended" his detention at the police station for the purpose of seeking an evaluation by a "Drug Recognition Expert" in an effort to "justify" the forthcoming DUI charge.[3] Solano reasons that because his detention was prolonged so that defendants could gather evidence to proceed against him on a DUI charge, "the charge is what caused his extended detention at the police station." *Id*. at 8. If any court has endorsed such a causal theory—which strikes me as a far-fetched interpretation of the Court's language in *Thompson*—Solano has not cited it. *See* 596 U.S. 36, 43 n. 2 (a

---

[3] Solano acknowledges that the complaint contains no allegations relating to this evaluation, but he states that he is "agreeable to amending the complaint to allege this fact[.]" The defect in Solano's federal malicious prosecution claim would not be cured, however, by including the fact that he was evaluated by a Drug Recognition Expert, and the Supreme Court long ago held that an arresting officer's subjective intent is irrelevant to the analysis. *See Whren v. United States*, 517 U.S. 806, 813, 116 S. Ct. 1769, 1774, 135 L. Ed. 2d 89 (1996) ("[s]ubjective intentions play no role in ordinary, probable-cause Fourth Amendment analysis.").

plaintiff claiming malicious prosecution under the Fourth Amendment "has to prove that the malicious prosecution resulted in a seizure.").

For the foregoing reasons, Solano's federal claims are dismissed. And with no federal claims remaining, I decline to exercise supplemental jurisdiction over his state claim. Dismissal is without prejudice. If Solano can amend his complaint in a manner that cures the deficiencies noted above and complies with his Fed. R. Civ. P. 11 obligations, he may do so on or before June 17, 2026.

**ENTER ORDER:**

_____
**Elaine E. Bucklo**
United States District Judge

Dated: May 27, 2026

8